**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY VINCE NAIL SPA, INC.,**

                            **Plaintiff,**

        v.                                                  1:16-CV-1055 (NAM/CFH)

**PALAZZO NAIL SPA, INC.,**
**d/b/a PALAZZO NAIL SPA,**
**and AN DOAN,**

                            **Defendants.**
_____

**APPEARANCES:**

Samuel C. Breslin, Esq.
5 Clinton Square, Suite 4
Albany, NY 12207
*Attorney for Plaintiff*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On August 30, 2016, Plaintiff Anthony Vince Nail Spa, Inc. commenced this action against Defendants Palazzo Nail Spa, Inc. ("Palazzo") and An Doan ("Doan"). (Dkt. No. 1). Plaintiff alleged that Defendants copied its nail salons' overall style of décor and thus infringed on and diluted its trade dress under federal and state law.[1] On November 15, 2016, Defendants answered the Complaint. (Dkt. No. 6). However, on October 19, 2017, Defendants' attorney withdrew from the case. (Dkt. No. 28). Although Doan could proceed *pro se*, Palazzo was given thirty days to obtain representation, or be subject to default as an unrepresented corporation.

---
[1] This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

(Dkt. No. 27, pp. 6–11). Palazzo failed to do so, and Plaintiff now moves for default judgment against Palazzo under Rule 55(b)(1) of the Federal Rules of Civil Procedure and Rule 55.2 of the Local Rules of this District. (Dkt. No. 34). For the reasons discussed below, that motion is granted in part and denied in part.

## II.  STANDARD OF REVIEW

By failing to appear in this action with new counsel or oppose the motion, Palazzo has defaulted and is deemed to have admitted the factual allegations in the Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability . . . ."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09 Civ. 4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."); *Nike, Inc. v. Top Brand Co.*, No. 00 Civ. 8179, 2005 WL 1654859, at *4, 2005 U.S. Dist. LEXIS 42374, at *10 (S.D.N.Y. July 13, 2005) (granting default judgment against the corporate defendants because they failed to obtain counsel).

But before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). In general, a pleading must consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not plead "detailed factual allegations," but the complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

555 (2007)). A pleading that asserts only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotation marks omitted).

### III. BACKGROUND

Since 2007, Plaintiff has "consistently offered nail spa services in connection with an elegant Venetian-styled spa environment featuring specific design elements and themes," including: "(1) faux-sky ceilings, (2) ornate chandeliers, (3) use of arches and pillars to separate interior sections, (4) beige, natural, earth-tone stone finishes, and (5) neutral vanilla colored walls." (Dkt. No. 1, ¶ 14). Plaintiff alleges that these design elements are arbitrary and non-functional and "combine to create trade dress that is inherently distinctive." (*Id.*, ¶¶ 15, 21). Plaintiff also licenses this "trade dress" to other nail salons and features it in advertisements. (*Id.*, ¶¶ 16–19). Plaintiff's principal place of business is in Illinois and it has licensees in New York, Ohio, Alabama, Illinois, Tennessee, Florida, and Kentucky, with a total of 19 locations. (*Id.*, ¶¶ 3, 17). Plaintiff alleges that it has "extensively and continuously promoted and used" the trade dress in the United States, which has thereby "become a famous and well-known symbol of Plaintiff's services." (*Id.*, ¶ 22). "Consumers in the nail spa marketplace recognize Plaintiff's salons" by the use of the trade dress, such that it has achieved "widespread public recognition" and "acquired secondary meaning." (*Id.*, ¶¶ 20–23).

In or around July 2016, Palazzo began operating a nail salon, run by Defendant Doan, under the name Palazzo Nail Spa in Latham, New York. (*Id.*, ¶¶ 8, 25). Plaintiff alleges that Palazzo advertises, promotes, sells, and offers to sell manicures, pedicures, facials and waxing services using a "confusingly similar" trade dress, which Plaintiff did not authorize or license. (*Id.*, ¶¶ 27, 32). Specifically, "[k]ey features in the Palazzo salon décor are identical to Plaintiff's salons," including the five design elements previously mentioned. (*Id.*, ¶ 30).

3

Plaintiff alleges that Palazzo copied its trade dress, thereby appropriating Plaintiff's goodwill and harming Plaintiff by confusing consumers. (*Id.*, ¶¶ 31, 33). Plaintiff also alleges that Doan initially inquired about using the name "Venetian" for the Palazzo salon. (*Id.*, ¶ 35).

## IV. DISCUSSION

### A. Procedural Requirements

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded."). Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.") (emphasis omitted).

Here, Plaintiff requested and received an entry of default from the Clerk of Court. (Dkt. Nos. 29, 31). As required by Local Rule 55.1, Plaintiff submitted an affidavit showing that Palazzo is not an infant, incompetent, or in the military; that Palazzo was served the Complaint

4

and the pending motion; and that Palazzo failed to appear with new counsel or oppose the motion. (Dkt. No. 29-1). Plaintiff also complied with the requirements of Local Rule 55.2(b). (Dkt. Nos. 34–35). Since Plaintiff has met the procedural requirements for entry of default judgment against Palazzo, the Court will address Palazzo's liability on Plaintiff's claims.

### B. Liability

Plaintiff alleges four basic claims: 1) trade dress infringement under 15 U.S.C. § 1125(a); 2) trade dress infringement under New York common law; 3) trademark dilution under 15 U.S.C. § 1125(c); and 4) trademark dilution under N.Y. GEN. BUS. LAW § 360-*l*.[2] (Dkt. No. 1, pp. 4–6). The Court will address each claim in turn.

#### 1. Trade Dress Infringement under 15 U.S.C. § 1125(a)

As an initial matter, the statutory protection for unregistered trademarks under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), extends to trade dress. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 773 (1992) ("[Section] 43(a) provides no basis for distinguishing between trademark and trade dress."). "The concept of trade dress encompasses the design and appearance of the product together with all the elements making up the overall image that serves to identify the product presented to the consumer." *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 999 (2d Cir. 1997). First, to state a federal claim for trade dress infringement, a plaintiff must allege that "its trade dress is *either* inherently distinctive *or* that it has acquired distinctiveness through a secondary meaning." *Id.* Trade dress is inherently distinctive if its "intrinsic nature serves to identify a particular source." *Id.* at 999 (quoting *Two Pesos, Inc.*, 505 U.S. at 771). Inherently distinctive trade dress must also be "nonfunctional."

---

[2] Plaintiff also alleges trademark dilution under New York common law, however, this cause of action appears to be duplicative of the claim for trademark dilution under N.Y. GEN. BUS. LAW § 360-*l*.

5

*Id.* "Second, plaintiff must demonstrate that there is a likelihood of confusion between defendant's trade dress and plaintiff's." *Id.*

Here, Plaintiff alleges that it uses a specific combination of décor elements in its nail salons to create an "elegant Venetian-styled spa environment," including faux-sky ceilings, ornate chandeliers, use of arches and pillars to separate interior sections, beige, natural, earth-tone stone finishes, and neutral vanilla colored walls. (Dkt. No. 1, ¶¶ 14–15). These design elements are allegedly arbitrary and non-functional. (*Id.*, ¶ 21). Plaintiff alleges that "[c]onsumers in the nail spa marketplace recognize Plaintiff's salons" by the trade dress, leading to "widespread public recognition." (*Id.*, ¶¶ 20, 23). Further, Plaintiff alleges that Palazzo operates a nail salon with the very same specific combination of design elements, such that "consumers are confused as to the source of the services of Palazzo." (*Id.*, ¶¶ 27–33). Accepting these allegations as true, the Court can reasonably infer that Plaintiff's trade dress is inherently distinctive, nonfunctional when viewed as whole, and that there is a likelihood of confusion based on Palazzo's use of the same trade dress. Accordingly, Plaintiff has stated a claim for trade dress infringement under federal law and is entitled to default judgment. *See also Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 254 (E.D.N.Y. 2010) ("Plaintiffs' allegations, including its assertion of a likelihood of confusion, suffice to state a cause of action for trade dress infringement insofar as plaintiffs claim that Colibri distributed pens that were 'colorable imitations' of the Starwalker Pens.").

### 2. Trade Dress Infringement under New York Law

Plaintiff has also stated a claim for trade dress infringement under New York state law for the same reasons. *See Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.,* 25 F. Supp. 2d 154, 166 (S.D.N.Y. 1998) ("The analysis for trade dress infringement is the same under

6

both the Lanham Act and New York State common law."); *accord Uni-World Capital, L.P. v. Preferred Fragrance, Inc.*, 43 F. Supp. 3d 236, 248 (S.D.N.Y. 2014); *U–Neek, Inc. v. Wal–Mart Stores, Inc.*, 147 F. Supp. 2d 158, 178 (S.D.N.Y. 2001).

### 3. Trademark Dilution under 15 U.S.C. § 1125(c)

To state a federal claim for trademark dilution (which also protects trade dress), "the plaintiff must show the defendant's 'use of a mark . . . in commerce that is likely to cause dilution by blurring . . . of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.'" *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 207 (2d Cir. 2013) (alteration in original) (quoting 15 U.S.C. § 1125(c)(1)). The term "famous" is defined to mean "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A).

Here, Plaintiff alleges that "[c]onsumers in the nail spa marketplace recognize Plaintiff's salons" by the trade dress, that "Plaintiff has extensively and continuously promoted and used" the trade dress in the United States, and the trade dress has "thereby become a famous and well-known symbol of Plaintiff's services." (Dkt. No. 1, ¶ 20, 22). Plaintiff also alleges that its trade dress is employed in 19 total locations in 8 states. (*Id.*, ¶¶ 2–3, 17). However, these allegations are insufficient to infer that Plaintiff's trade dress is widely recognized nationwide by the general consuming public, as opposed to a niche regional market. Therefore, Plaintiff has failed to state a federal claim for trademark dilution. *See Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 193 F. Supp. 3d 245, 283 (S.D.N.Y. 2016) ("'[N]iche fame' among a specific marketplace or group of consumers is insufficient and the general public itself must associate the trademark at issue with the trademark owner."); *Luv N' Care, Ltd. v. Regent Baby Products Corp.*, 841 F.

Supp. 2d 753, 759 (S.D.N.Y. 2012) ("Plaintiffs have not sufficiently pled that the particular trademarks and trade dress involved in this suit are famous, and therefore their amended complaint does not state a claim for dilution under the TDRA.").

#### 4. Trademark Dilution under N.Y. GEN. BUS. LAW § 360-*l*

Under New York law, "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered." N.Y. Gen. Bus. Law § 360-*l*. To establish a claim for trademark dilution (or trade dress), the plaintiff "must show ownership of a distinctive mark and a likelihood of dilution." *Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 966 (2d Cir. 1996). Dilution can consist of either blurring or tarnishment. *Id.* "New York law does not permit a dilution claim unless the marks are 'substantially' similar." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009). But unlike federal law, the senior mark need not be "famous." *Id.* As to likelihood of dilution, the "ultimate question under New York law is whether there is a likelihood that the capacity of the senior owner's mark to serve as a unique identifier of its source will be diminished." *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 459 (S.D.N.Y. 2017) (internal citations and quotation marks omitted).

Here, Plaintiff has alleged sufficient facts to reasonably infer that its trade dress is inherently distinctive, as discussed above. Plaintiff alleges that it used the trade dress first and more widely in its nail salons, and then Palazzo copied all five key elements of the décor style in opening its own nail salon. (Dkt. No. 1, ¶¶ 3, 14, 27, 30). Given the substantial similarity of the trade dress used by the parties' nail salons in the same marketplace, it is reasonable to infer that there is a likelihood of dilution of Plaintiff's trade dress by blurring. Accordingly, Plaintiff has also stated a claim for trademark dilution under Section 360-*l*.

**C. Relief**

Plaintiff has requested two forms of relief: 1) a permanent injunction prohibiting Palazzo from using the trade dress; and 2) attorney's fees. (Dkt. No. 34, pp. 1–2).

**1. Permanent Injunction**

In general, once liability has been established, a court may issue an injunction on a motion for default judgment if the moving party shows that: "(1) it is entitled to injunctive relief under the applicable statute, and (2) it meets the prerequisites for the issuance of an injunction." *CommScope, Inc. of N.C. v. Commscope (U.S.A.) Intern. Grp. Co.*, 809 F. Supp. 2d 33, 41 (N.D.N.Y. 2011) (citation omitted). Here, injunctive relief is authorized pursuant to 15 U.S.C. § 1116 and N.Y. GEN. BUS. LAW § 360-*l*. To obtain this relief, a plaintiff must demonstrate: 1) actual success on the merits; 2) irreparable harm; 3) the absence of an adequate remedy at law; 4) the balance of hardships between the parties tips in the plaintiff's favor; and 5) the public interest would not be disserved by granting the injunction. *See Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010).

First, Plaintiff has established success on the merits since Palazzo has been found liable. *See CommScope*, 809 F. Supp. 2d at 41. Second, Plaintiff has established a likelihood of confusion and dilution regarding its trade dress, with a potential loss of business and goodwill due to Palazzo's use of the trade dress, all of which supports a finding of irreparable harm. Third, there is no adequate remedy at law where, as here, "damages are difficult to establish and measure." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004). Fourth, the balance of hardships tips decidedly in Plaintiff's favor based on the threat of irreparable harm. On the other side, there is no evidence of hardship to Palazzo, and the cost of redecorating its single nail salon would be comparatively minor. Fifth, the public interest favors granting relief

because the "consuming public has a protectable interest in being free from confusion, deception and mistake." *U.S. Polo Ass'n v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 541 (S.D.N.Y. 2011).

In sum, Plaintiff has met the requirements for injunctive relief. Accordingly, Palazzo shall be permanently enjoined from advertising, marketing, promoting, supplying, distributing, offering for sale, or selling manicures, pedicures, facials, and waxing services in conjunction with the following specific combined design elements: "(1) faux-sky ceilings, (2) ornate chandeliers, (3) use of arches and pillars to separate interior sections, (4) beige, natural, earth-tone stone finishes, and (5) neutral vanilla colored walls."

### 2. Attorney's Fees

Finally, a prevailing party may recover reasonable attorney's fees in a trademark action, but only in "exceptional cases." 15 U.S.C. § 1117(a). In the Second Circuit, the award of attorney's fees is limited to claims evidencing fraud, bad faith, or willful infringement. *See Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 166 F.3d 438, 439 (2d Cir. 1999); *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (exceptional cases under § 1117(a) include willful infringement).

Here, Plaintiff alleges that Palazzo acted willfully in infringing on Plaintiff's trade dress. (Dkt. No. 1, ¶ 37). That Doan allegedly inquired about using the name "Venetian" also suggests an intentional use of the trade dress. (*Id.*, ¶ 35). Because Palazzo defaulted, these allegations are deemed true and, absent "indisputable" contradictory evidence, Palazzo cannot contest them. *Gen. Nutrition Inv. Co. v. Gen. Vitamin Ctrs., Inc.*, 817 F. Supp. 2d 66, 74 (E.D.N.Y. 2011). Palazzo has presented no such evidence, and therefore Palazzo's infringement is deemed willful. As a result, an award of reasonable attorney's fees is appropriate.

Although Plaintiff requests $18,900 in attorney's fees, Palazzo's default does not constitute an admission of damages, and Plaintiff has not provided any evidentiary basis for the Court to determine whether the claimed amount is appropriate. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence."). On a motion for default judgment, a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). Accordingly, in order to recover attorney's fees, Plaintiff must submit evidence detailing the hours expended on this action and the applicable hourly rates. *See Gen. Nutrition*, 817 F. Supp. 2d at 75–76.

## V. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 34) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Palazzo is permanently enjoined from advertising, marketing, promoting, supplying, distributing, offering for sale, or selling manicures, pedicures, facials, and waxing services in conjunction with the following specific combined design elements: "(1) faux-sky ceilings, (2) ornate chandeliers, (3) use of arches and pillars to separate interior sections, (4) beige, natural, earth-tone stone finishes, and (5) neutral vanilla colored walls."

And it is further **ORDERED** that Plaintiff shall submit further evidence with respect to reasonable attorney's fees; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in Plaintiff's favor with respect to its claims as against Palazzo for: 1) trade dress infringement under 15 U.S.C. § 1125(a) (Count 1 of the Complaint); 2) trade dress infringement under New York law (Count 3); and 3) trademark dilution under N.Y. BUS. LAW. § 360-*l* (Count 4).

**IT IS SO ORDERED.**

Date: July 13, 2018
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge